(25 App. Div. 424.)

ALLYN v. HOPKINS.

(Supreme Court, Appellate Division, Fourth Department.   February 6, 1898.)

1. CONTRACT—CONSTRUCTION.

A contract, providing that in consideration of a deed by A. and his wife the grantees will pay to the wife, if she survives her husband, the value of her dower interest in the property conveyed, furnishes the foundation for a good cause of action, wherein the widow may recover the value of her dower interest.

2. DIRECTING VERDICT.

In an action to recover the value of dower, based upon an agreement to pay the same in consideration of a deed then executed if the wife survived her husband, there was evidence that the agreement was not delivered, although it was in the wife's possession; that the deed mentioned was to assist in procuring a loan which had been paid, and that this superseded the agreement; that the widow occupied the land by virtue of a life estate therein by grantee, deceased. *Held*, that the question of delivery of the contract and the effect of the deed were issues of fact for the jury, and it was error to direct a verdict for defendant.

Appeal from trial term, Monroe county.

Action by Elizabeth H. Allyn against Lillarene Hopkins, as executrix, to recover the value of dower interest in land.   From a judgment in favor of defendant, plaintiff appeals.   Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Clarence J. Browning, for appellant.
Charles M. Williams, for respondent.

ADAMS, J.   The plaintiff is the widow of Lewis Allyn, and she brings this action against the executrix of Adelia R. Hopkins, a deceased daughter, to recover the value of her dower interest in certain premises formerly owned by her husband, and which she alleges she conveyed to the defendant's testatrix in pursuance of a written agreement, of which the following is a copy, viz.:

"For and in consideration of a deed this day executed and delivered by Lewis Allyn and Elizabeth H. Allyn, his wife, to Adelia R. Hopkins, we, the undersigned, our heirs, executors, and administrators, jointly and severally promise to pay to Elizabeth H. Allyn, in case she survives her husband, Lewis Allyn, and in one year from the death of her said husband, the value of the dower interest of the said Elizabeth H. Allyn in the property this day conveyed by said Lewis Allyn and Elizabeth H. Allyn, at the time of the death of her said husband, to be computed according to the Northampton Tables; and the said Adelia R. Hopkins, for value received, hereby makes the payment thereof a charge upon her separate property and estate."

The defendant, in her answer, admits the execution of this instrument, but claims that it was one of several papers relating to the plaintiff's inchoate right of dower in the premises described in a deed which was executed concurrently therewith; that it was designed simply as a proposition of settlement, and that it was never accepted by, or delivered to, the plaintiff.   The answer also admits that at about the time the instrument in question was executed the plaintiff united with her husband in a conveyance by deed of all their right, title, and interest in and to two certain parcels of land in the city of Rochester, one of which was situate upon Elm street,

and known as the "homestead"; the other being a brick block situate upon Main and Stillson streets.    This deed bears date December 14, 1877, and it appears that prior thereto Lewis Allyn had executed and delivered to Mrs. Hopkins another deed of the same premises, in which the plaintiff did not join.    The object of the second deed, as is expressly stated therein, was "to release and convey any and all dower right, interest, or claim of, in, and to the premises above described as against two certain mortgages executed by the said Adelia R. Hopkins and Alphonso A. Hopkins, her husband, upon the premises above described, to the Mutual Life Insurance Co. of New York, dated, respectively, October 8, 1877; one being given to secure the payment of the sum of five thousand dollars ($5,000), and one for the sum of four thousand dollars ($4,000)."    The answer further alleges that the defendant's testatrix has "fully complied with and discharged any and all considerations connected with the execution and delivery of said conveyance."

Upon the trial it was conclusively established that both of the mortgages to the Mutual Life Insurance Company had been paid and discharged of record, and it further appeared that Mrs. Hopkins died in 1895, leaving a last will and testament, in and by which she devised to the plaintiff the use of the whole of the Elm street premises, as well as of certain other property, during the term of her natural life, and that the plaintiff was in the occupation of such property at the time of the commencement of this action, and had been so occupying the same ever since the death of her husband.    Upon this state of facts the learned trial court held that there was no question for the jury, and directed a verdict in favor of the defendant.    This conclusion appears to have been reached upon the assumption that the deed from the plaintiff to the defendant's testatrix was designed simply to enable the latter to perfect her title so as to be able to obtain a loan from the insurance company, and that, inasmuch as such loan had been paid, and the mortgages by which the same was secured had been discharged, the object of the conveyance had been fully accomplished, and the plaintiff's dower interest virtually restored.    It may, for the purposes of this review, be conceded that the deed of December 14, 1877, was designed to accomplish no other purpose than the one claimed for it; and, if the plaintiff were seeking to recover the value of her dower interest in reliance upon that instrument, instead of upon the contract, it must be admitted that there would be much force in the defendant's position, although it may be doubted whether, even in that case, a perfect defense to the action could be established, in the absence of an offer to reconvey.    But, however that may be, we think there is an insuperable objection to the adoption of the conclusion reached by the trial court, arising from the fact that this action is brought upon what purports to be an absolute agreement, for a good and sufficient consideration, to pay a sum of money, which sum is capable of being made certain and definite by a simple computation; and until it can be shown that this agreement had no valid inception, or that it has in some manner been either fully performed or superseded by a subsequent agreement, we are unable to see why it does not

furnish the foundation for a good cause of action. It is true that there is much in the case to sustain the defendant's contention that the instrument sued upon was never invested with any validity, and that it was in reality nothing more than a tentative proposition; but it was signed by Mrs. Hopkins, it does contain all the elements of a contract, and in some way it came into the plaintiff's possession. These are all circumstances which tend to create an issue of fact which we think should have been met and disposed of in the usual manner. In other words, the learned trial court should have permitted the jury to find upon the evidence in the case whether this instrument was ever in fact delivered to the plaintiff as a contract, and, if so, whether it was superseded by the deed of December 14th; and its failure to do so was error which requires that the judgment appealed from should be reversed, and a new trial directed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.